# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**CRIMINAL ACTION NO. 09-124-C**

**UNITED STATES OF AMERICA,**                                                  **PLAINTIFF,**

**V.**                 **MEMORANDUM OPINION AND ORDER**

**HENRY M. HUMPHREY AND**
**KEVIN HARRIS,**                                                      **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on defendant Kevin Harris's motion to dismiss count 1 of the indictment (R. 27). The objective of the conspiracy charged in count 1 was to fraudulently solicit federal grant funds. The indictment, however, fails to specify the overt acts that Harris took to solicit federal grant funds. Count 1, therefore, lacks a definite statement of the crime charged and must be dismissed.

## I. BACKGROUND

From 2001 to 2004, Congress appropriated $1,275,000 to convert an old Louisville elementary school into an apartment facility for the elderly. A decade after the money started flowing, little work has been completed on the project and the money has disappeared.

Shiloh Baptist Church Community Renewal Center ("SCRC") received the congressional funding. Although Congress appropriated, or "earmarked," the

1

funds, the Department of Housing and Urban Development bore the financial obligation for the grant and disbursed the funds to SCRC.

The Rev. Henry Humphrey, the former pastor of Shiloh Baptist Church, served as SCRC's Chief Executive Officer. Kevin Harris served as SCRC's bookkeeper. In count 1 of the indictment, the grand jury charged that Harris and Humphrey conspired to defraud the United States in violation of 18 U.S.C. § 371. The grand jury alleged that the objective of the conspiracy was as follows:

> [T]o defraud … HUD … by soliciting federal grant funds by representing that the monies would be used solely for the rehabilitation and remodeling of the Maupin School … when, in fact, the defendants intended and did expend substantial and material amounts of these funds for purposes other than the rehabilitation and construction of the Maupin School … including diverting grant monies for the personal benefit and gain of … Henry M. Humphrey [and] Kevin Harris ….

R. 1 at 1-2.

## II. DISCUSSION

Count 1 fails to inform Harris of the illegal objectives he is accused of furthering with specificity. As an essential element of an 18 U.S.C. § 371 conspiracy, a defendant must take one or more overt acts to further the objective of the conspiracy. *See United States v. Khalife*, 106 F.3d 1300, 1307 (6th Cir. 1997) (citation omitted). As the indictment defines it, the objective of Harris and Humphrey's conspiracy was to solicit federal grant funds based upon misrepresentations of the use of the funds. R. 1 at 1-2. The indictment, then,

must specify one or more overt acts that Harris took to solicit federal grant funds.

The indictment fails to specify any such overt acts. The grand jury alleged that Harris did the following:

> (1) He served as SCRC's bookkeeper;
>
> (2) He had access to HUD's line of credit control system;
>
> (3) He transferred money from HUD's line of credit control system into other accounts;
>
> (4) In 2005, he met with Humphrey to prepare a report for HUD that justified SCRC's expenditures of the previously disbursed grant funds. The report contained false invoices and statements; and
>
> (5) He personally received more HUD money than the 2005 report disclosed.

R. 1 at 3-4, 6-10. One cannot reasonably infer from those allegations that Harris conspired with Humphrey to solicit federal grant funds from the U.S. government. The allegations might suggest that Harris conspired to prepare a false report, but the grand jury never alleged that an objective of the conspiracy was to prepare a false report.

The allegations also might suggest that Harris conspired to divert funds for improper purposes, but diverting funds is not the same thing as soliciting them. "Solicitation" connotes the requesting or seeking of something that does not already exist. *See Black's Law Dictionary* (9th ed. 2009). "Diversion" connotes the deviating or altering of funds from their natural course. *Id.* The grand jury

appears to have drawn the distinction between solicitation and diversion in describing Humphrey's and Harris's respective roles in the conspiracy. Humphrey allegedly entered into the grant agreement with HUD. R. 1 at 3. The grand jury, however, did not allege that Harris entered into any such agreement or otherwise interacted with government officials. *See id.* at 3-10. The government implicitly acknowledged the distinction in its response memorandum when it stated that "Harris was an important part of the improper *diversion* of federal grant funds …" but failed to allege that he played a role in the soliciting of funds. R. 34 at 7 (emphasis added).

The grand jury, in fairness, did not stop after it alleged that the conspiracy's objective was to solicit federal grant funds. The grand jury further alleged that the conspiracy's objective was to solicit federal grant funds "when, in fact, the defendants intended [to] and did expend substantial and material amounts of these funds for purposes other than the rehabilitation and construction of the Maupin School … including diverting grant monies for the personal benefit and gain of the defendants …." R. 1 at 2. That lengthy qualifier, however, does not displace the grand jury's allegation that the conspiracy's objective was to solicit funds before they were diverted. The court cannot read the solicitation allegation out of the indictment.

It is also true that the grand jury alleged in another paragraph that "[t]he purpose and goal of the conspiracy was to fraudulently *divert* … federal funds …"

R. 1 at 3 (emphasis added). That allegation only injects ambiguity into the indictment. If the grand jury had consistently alleged throughout the indictment that the objective of the conspiracy was to fraudulently solicit *and* divert federal grant funds, the indictment would have provided Harris sufficient notice to answer the charges. But the grand jury did not practice such consistency: In paragraph 1, the grand jury alleged that the objective was to fraudulently solicit federal grant funds; in paragraph 8, the grand jury alleged that the objective was to fraudulently divert federal grant funds. The indictment fails to inform Harris whether he is accused of conspiring to solicit, to divert, or to do both. R. 1 at 1, 3.

Paragraphs 1 and 8 would manifest ambiguity at trial. To find Harris guilty on count 1, a jury would have to determine not only that Harris did at least one of the overt acts described in the indictment but that he did at least one of those acts for the purpose of advancing or helping the conspiracy. Sixth Cir. Crim. Pattern Jury Instr. Nos. 3.01A(2)(C), 3.01B(2)(C). A jury verdict on count 1 would be ambiguous because the verdict would not specify whether a jury determined that Harris's acts furthered the solicitation, diversion, or both. A conviction based on a jury verdict on an indictment charging several acts in the conjunctive does stand if the evidence is sufficient with respect to any one of the acts charged. *Griffin v. United States*, 502 U.S. 46, 56-57 (1991). The indictment in this case, however, does not charge the objectives of solicitation and diversion either in the conjunctive or the disjunctive. The objectives are not even recited in the same

5

paragraphs.

The court, of course, must review the sufficiency of the indictment with a practical eye. *United States v. McLeczynsky*, 296 F.3d 634, 635 (7th Cir. 2002). A generous review of the indictment in this case, however, makes it apparent that the grand jury alleged two conspiratory objectives under count 1 but failed to inform Harris of the objectives he is accused of furthering. The lack of definiteness renders count 1 defective. Fed. R. Crim. P. 7(c).

The court need not address Harris's materiality and statute-of-limitations arguments because count 1 must be dismissed for lack of definiteness.

Accordingly,

**IT IS ORDERED** that Harris's motion to dismiss count 1 of the indictment (R. 27) is **GRANTED**.

Signed on  May 18, 2011

**Jennifer B. Coffman, Judge**
**United States District Court**